IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02094-MSK-MEH

AMANDA KUHNS,

      Plaintiff,

v.

NATIONAL CREDIT AUDIT CORPORATION, a Illinois corporation,

      Defendant.

_____

**TRIAL PREPARATION ORDER
-CIVIL**
_____

      This Order sets deadlines, imposes requirements that supplement the Scheduling Order

and imposes trial preparation requirements.

**A**.  **Applicable Rules**

      This proceeding is subject to the Federal Rules of Civil Procedure, the Federal Rules of

Evidence, the Local Rules of Practice for the United States District Court for the District of

Colorado and the MSK Civ. Practice Standards.  A copy of the Practice Standards is available

from the Clerk's office or can be downloaded from the Court's website at

http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures.   Parties who are

not represented by counsel (*pro se*) are responsible for knowledge of and compliance with all

applicable rules and provisions of this Order.  References in this Order to "counsel" apply to

parties appearing *pro se*.

      If a party to this case is incarcerated**,** it is the responsibility of that party to provide a copy

of this Order and all other orders issued in this case to his or her case manager.  For purposes of

attending a scheduled hearing by telephone, the case manager should contact the Courtroom

Deputy Clerk, Patricia Glover at (303)335-2185 at least two business days prior to the hearing to

make the necessary arrangements for the inmate to participate.

## B. Dispositive and Rule 702 Motions

The deadline for filing Rule 702 motions shall be the same as that for filing of dispositive

motions.  If the dispositive motion deadline is changed, the Rule 702 deadline automatically

changes to match it.

The format for dispositive motions is set out in MSK Civ. Practice Standard V.H, found

at http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures.  The format for

Rule 702 motions is found at http://www.cod.uscourts.gov/Home.aspx under Judicial Officers'

Procedures.  Failure to use the appropriate format may result in a delayed ruling on the motion.

If determination of a Rule 702 motion is required for determination of a dispositive motion,

please so state in the title of the Rule 702 motion.

## C. Final Pre-Trial Conference

Unless otherwise ordered, the Final Pre-Trial Conference will be conducted by the

undersigned in Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver,

Colorado, to commence at **9:00 a.m.** on **November 24, 2010.  Lead counsel who will try the

case and the parties (or, in the case of legal entities, the representative of the entity who will

attend trial on behalf of the entity) shall attend**.

There are three purposes for the final pretrial conference - 1) to address pending motions;

2) to address the Final Pretrial Order, trial issues and to set a trial; and 3) to advise the parties as

to the trial process.  To serve these purposes, the parties must be present and counsel should

bring calendars and know the availability of their critical witnesses for trial settings.  ( Please be

aware of availability for at least 6 months following the conference date.)

### D.  Proposed Pre-Trial Order

Counsel shall meet and confer sufficiently in advance of the Pre-Trial Conference to jointly prepare a Proposed Pre-Trial Order.  It shall be filed at least **14 days before the conference**; its approval will be made either at the time of or after the Final Pretrial Conference. Except as follows, parties should use the format of Appendix G of this Court's Local Civil Rules for the Proposed Pre-Trial Order, available at the Court's website.  *See* http://www.cod.uscourts.gov/Home.aspx (Forms).

Please make the following modifications:

**Section 3: Claims and Defenses** – (Parties are encouraged to omit a narrative summary of the claims, defenses, facts, and legal theories.  If a party includes a narrative summary, such summary should not exceed one page in length.)

Separately enumerate each claim and affirmative defense to be tried.  For each claim and affirmative defense, designate:

1)  the party that has the burden of proof;

2)  the standard of proof;

3)  if the claim is governed by state law, the state whose law controls the claim; and

4)  each element that must be proved.  For each element, state whether the necessary facts are stipulated.  If not, the party with the burden of proof should state the fact(s) it intends to prove to satisfy that element.  An example is attached to this Order.  Any claims or affirmative defenses not specifically identified may be deemed waived.

**Section 4:  Stipulations**  - One of the purposes of a trial is to determine the facts upon

which the parties cannot agree.  However, it is not necessary to present evidence of facts which

are not it dispute.  Indeed, it saves the parties time and expense and focuses the trial when parties

identify relevant facts that are not disputed. [1] To assist the jury in understanding the opening

statement and in considering the evidence, such stipulated facts will be included in a jury

instruction given to the jury prior to opening statements.

Please be cognizant of the difference between disputing the existence of a fact and

disputing the significance of that fact.  For example, a stipulation to the existence of fact (*e.g.*

that the sun set at 7:00 p.m. on the day in question) does not prevent the party from arguing as to

the significance of that fact (*e.g.* that there was or was not adequate daylight at 7:30 p.m.).

**Section 5: Pending motions** – In addition to the information required in Appendix G,

identify all motions either party anticipates making prior to trial, including the specific relief to

be requested.

**Section 6:  Witnesses** – In lieu of the designations required in Appendix G, the parties

should attach a single, joint list of all witnesses.  The form is found at:

http://www.cod.uscourts.gov/Home.aspx.  Please designate the total time needed for the

testimony of each witness (or the time necessary to present deposition testimony).  It does not

matter what type of examination will be used to elicit the testimony, nor who will call the

witness.  The time calculation is **solely** to ensure that you have sufficient time to present all

evidence at trial - **you will not be limited to the time specified for any witness on the witness**

**list.**

**Section 7:  Exhibits** – Exhibits should be listed on a single, joint exhibit list using the

form available at  http://www.cod.uscourts.gov/Home.aspx.  Exhibits should be numbered

---

[1]FED.R.CIV.P. 11(b)(4) provides guidance as to when a matter is in dispute.

without designation as Plaintiff's or Defendant's exhibits.  Parties may use the same exhibit

numbers as used in pretrial discovery.  The provisions of subsection (b) of Appendix G regarding

the filing of objections to exhibits are waived.  All objections are reserved for trial.

Hard copies of the exhibits to be used at trial should be put in two notebooks (original

for the witness; copy for the Court).  Please only put exhibits you are certain to admit in the

notebooks; exhibits that you <u>might</u> use ( such as those anticipated for impeachment or rebuttal)

can be added to the notebooks during the trial if they are admitted.  Exhibit notebooks shall be

given to the Courtroom Deputy Clerk on the first day of trial.

### E.  Trial Scheduling

The parties should be prepared to advise the Court as to the minimum number of days

needed for trial.  A firm trial date will be set at the time of the Final Pre-Trial conference.  The

trial date will be set as close to the Final Pretrial Conference date as possible in light of other

matters on the docket.  If two or more counsel represent one party, please be prepared to proceed

with one counsel if the other has a conflict, or to explain why the available counsel cannot

proceed alone.

Jury trials usually begin on Monday afternoons at 1:00 p.m. and bench trials usually

begin on Tuesday mornings at 9:00 a.m.  With approximately six hours available per trial day,

one week jury trials usually allow for 22 hours for presentation of evidence, openings and

closings and argument on evidentiary objections and trial motions.  (This calculation excludes

time for jury selection, charging conference and initial and concluding instructions for the jury.)

One week bench trials usually allow for 24 hours for presentation of all evidence, opening and

closing statements, objections, and arguments.  Absent objections made at the Final Pre-Trial

Conference, a chess clock will be used to divide trial time equally between Plaintiff(s) and

Defendant(s).  Parties can use their time as they choose, and are free to restructure time between themselves.

Any problems in the trial setting or special needs for witness scheduling should be addressed at the Final Pre-Trial Conference. Designated witnesses should be available during the entire trial period.  Their unavailability may not constitute a basis for delay in or continuance of the trial.  Counsel should always have a sufficient number of witnesses available to testify such that recesses or early adjournments of the trial day will not be necessary. If witnesses are not available, lost time may be counted against the party whose case is being presented.

At the time fixed for trial, all parties shall be present and ready to proceed.  If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party or the time of unavailability credited against the party's share of the trial time.  If both parties are absent or unprepared, the case may be dismissed, and costs, fees or sanctions may be imposed against either or both parties and/or their counsel.

## F.  Modification of Order

This Order **may not be modified by agreement of the parties**.  However, upon timely, written application, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.  Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to, vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37.**

DATED this 22nd day of December, 2009.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

# Attachment to Trial Preparation Order

**Example**:

*Claim 1:  Breach of contract under Colorado law*
　　　　Plaintiff has burden of proof by a preponderance of the evidence

**Elements:**　　**(1)-(3) offer, acceptance, consideration**
　　　　　　　　(a) the parties stipulate that these elements are satisfied
　　　　　　**(4) performance by the plaintiff**
　　　　　　　　(a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc.  (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4)
　　　　　　　　(b) The widgets conformed to the specifications in the contract. (Testimony of Peter Plaintiff; Exhibit 2)
　　　　　　　　(c) The widgets were delivered on the date set by the contract. (Exhibit 2)
　　　　　　**(5) non-performance by the defendant**
　　　　　　　　(a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper; Exhibit 2)
　　　　　　　　(b) Peter Plaintiff has made several written demands for payment. (Peter Plaintiff; Exhibits 3, 5, 7)
　　　　　　**(6) damages**
　　　　　　　　(a) Peter Plaintiff has been damaged in the contract amount of $10,000.  (Testimony of Peter Plaintiff; Exhibit 2).

*Claim 2:  Unjust Enrichment under Colorado law*
　　　　Plaintiff has burden of proof on all elements by a preponderance of the evidence

**Elements:**　　**(1) Defendant has received a benefit**
　　　　　　　　(a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. pursuant to a contractual agreement.  (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 2, 4).
　　　　　　**(2) the benefit is at the Plaintiff's expense**
　　　　　　　　(a) Widget Packers, Inc. failed to remit payment on the terms set by the contract.  (Testimony of Barry Bookkeeper, Exhibit 2)
　　　　　　**(3) justice requires that Defendant reimburse the Plaintiff for the benefit received**
　　　　　　　　(a)  The widgets have a market value of $15,000.  (Testimony of Peter Plaintiff)
　　　　　　　　(b)  Don Defendant is in breach of the contract.  (Testimony of Peter Plaintiff)

*Affirmative Defense to Claim 2:  Failure to mitigate under Colorado law*
Defendant has burden of proof on all elements by a preponderance of the evidence

Elements:       **(1) Plaintiff had a reasonable opportunity to avoid injury**
(a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened.  (Testimony of Don Defendant; Peter Plaintiff)
(b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo.  (Don Defendant; Warren Widget; Exhibit 6)
**(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**
(a) Peter Plaintiff did not respond to the March 5, 2004 message.  (Don Defendant)
(b) Peter Plaintiff did not respond to the March 8, 2004 letter.  (Don Defendant)